**FARIES MFG. CO. v. S. W. FARBER MFG. CO.**

No. 4287.

District Court, E. D. New York.

May 12, 1930.

Dodson & Roe, of New York City (Harry Lea Dodson, of New York City, of counsel), for plaintiff.

Mock & Blum, of New York City (Asher Blum and Hugo Mock, both of New York City, of counsel), for defendant.

GALSTON, District Judge.

This is a patent infringement suit based on letters patent No. 1,225,051, issued May 8, 1917, to Henry M. Peters, for a portable electric lamp. The usual defenses of invalidity and noninfringement are urged.

The invention relates to improved means for holding a lamp shade so that various types of such shades may be interchangeably employed upon the lamp base as occasion arises, and this without disturbing the illuminating element.

Claims 1 and 2 are at issue. It will suffice to discuss claim 1. That claim is as follows:

"1. In a lamp, a standard, an arm pivoted thereon and carrying an illuminating element, a plate carried by the arm, guides formed upon the plate, and a shade proportioned to span the arm, removably engage the guides, and cover the illuminating element."

Separating the claim into its elements, it is seen that the claim defines a lamp, the combination of which is as follows:

"1. A standard.

"2. An arm pivoted to the standard carrying an illuminating element (shown in the specification and drawing to be an electric bulb).

"3. A plate carried by the arm.

"4. Guides upon the plate.

"5. A shade of such proportions as to span the arm and removably engage with the guides covering the illuminating element."

Referring to the drawings, the standard designated 10 may be of any usual and ordinary type. The arm designated 11 is pivoted to the standard so as to enable it to assume various angles relative to the standard. The plate 14 has guide members 15 formed thereon. The inventor says that these guide members may be made in any approved manner "as by turning the edges of the plate 14 as indicated at 15." The inventor adds, however, "although it is to be understood that the forming of the guide 15 may be ac-

complished in any usual well-known mechanical manner."

The shade 17 is provided with a slot 18, of such proportions as to span the arm 11. The upright edges of the slot 18 engage the guide or guides 15. As the inventor says:

"It will be readily understood that the shade 17 is not retained upon the lamp structure by any fastening means whatever but only slidably engaged in the guides 15, and may be removed and replaced at will or another shade substituted whose only similarity resides in the slot 18."

The defendant offered many patents to sustain its defense of invalidity. I shall consider first the United States patents:

Hawley, No. 1,057,381, granted March 25, 1913, is for a music lyre. Apparently this patent is not relied upon to show anticipation so much as it is to limit the construction of the claims of the patent in suit. From the file wrapper it appears that the Hawley patent was cited by the Patent Office during the prosecution of the application for the Peters' patent. Original claims 1 and 2 of the patent in suit read:

"1. In a lamp, the combination with a base, of an arm carried thereby, guides formed upon the arm and a shade provided with a slot proportioned to span the arm and engage the guides."

"2. In a lamp, a standard, an arm pivoted thereon and carrying an illuminating element, guides formed upon the arm and a shade provided with a slot proportioned to span the arm, engage the guides and cover the illuminating element."

These claims were rejected by the examiner on the ground that they recite "merely a reversal" of the Hawley device and on the further ground that the claims themselves are not patentably different from each other.

In response to this action of the Patent Office, the applicant canceled claim 1 and amended claim 2 to read as claim 1 of the patent herein. Defendant argues that originally claim 2 was amended only by specifying that the guides were formed upon a plate carried by the arm. That statement of the amendment is not quite accurate, for the amendment also inserted before the term "engage" the word "removably."

The Hawley patent shows a reflector for a lamp having a long stem entering a socket formed on the reverse side of the lyre. There is nothing in the way of a pivoted arm carrying a plate on which the guides are formed, nor a shade having a slot to span the arm and engage the guides.

At most, it can be said that as a result of the amendment, Peters limited himself to a device wherein the guides which are to be engaged by the shade are formed upon the plate carried by the arm. I do not understand that the plaintiff seeks a broader construction.

It is urged though that claim 1 is invalid in view of letters patent No. 1,195,144 issued August 15, 1916, to McFaddin for a lamp fixture. There are many elements of apparent similarity between this patent and the patent in suit, but I do not find plate 14 or its equivalent in the McFaddin patent. Moreover, McFaddin does not rely, as does Peters, on the engagement of the shade with the guides to prevent lateral or longitudinal movement of the shade, for McFaddin provides a plurality of clamping members for that purpose. The simplicity of Peters over McFaddin in that respect is most obvious.

Next there are four British patents which the defendant urges as anticipations:

British patent No. 6015 of 1892 to Harpper, for improvements connected with shades and shade or reflector holders for incandescent electric lamps. The nearest approach to the plate 14 of the Peters' patent is the so-called clip plate of this British patent. The inventor says that he provides the face edge with studs D on springs E, so that the reflector F may be held. The reflector has a shank or fang G with one or more slot holes H to affix it to the clip plate I. I cannot see that this patent shows in any way the combination defined in claims 1 and 2 of the Peters' patent.

British patent No. 12,567 of 1906 to Williamson, for improvements in shade devices for use in connection with gas, electric light, or with lamps. This patent is urged by the defendant to show a shade slidably mounted in a wire frame b. There are too many elements missing of the Peters' device, as for example "the pivoted arm carrying plate having guides formed thereon," to enable one to say that the patent in the state of the art revealed everything that Peters taught. It must be remembered that foreign disclosures are strictly limited in construction to what is shown on their face, and matter may not be read into them to invalidate our patents. Malleable Iron Range Co. v. Beckwith (C. C. A.) 189 F. 74; Simplex Piston Ring Co. of America, Inc., v. Hamilton (D. C.) 21 F.(2d) 196.

British patent No. 28,902 of 1906 to Hamm, for improvements in or relating to railway and like lamps and lanterns. Fig. 2 of this patent shows a reflector F slid into a

groove in the holder L and held in position by a spring finger M. The device is a signal lantern equipped with a bull's-eye lens with an arrangement for holding the lens in position in front of the flame of the lantern. The combinations of the patent in suit cannot be found in this disclosure. The Hamm device for effective functioning depends upon a spring finger or clip M attached to a standard L, the upper end M of the clip being bent laterally to curve around the end of the reflector F. The clip M, when the reflector is in position, serves to hold it on its seat. I do not find the equivalent of the plate pivoted to an arm providing guides on the plate, on a shade designed to span the pivoted arm and removably engage the guides.

British patent No. 1881 of 1908 to Cranmer and Cheshire, for an improvement in inverted incandescent gas burners. Certainly this patent does not anticipate the patent in suit, nor does it embody the elements of the defendant's structure, though the defendant seems to urge it as a disclosure, at least in part, of its own device.

British patent No. 27,639 of 1908 to Dawson, for a means for attaching shades and reflectors to incandescent electric lamps. A glass globe and its plug piece fit into the socket part of the holder. The reflector or shade f has a turned over portion g formed on or attached to it. This turned over portion may be formed circular with a hole through it, and two notches, to admit of its being dropped over the plug piece b, or as shown in Fig. 3, it may take the form of a two-pronged fork, g. The inventor points out that under this latter arrangement the reflector or shade can be affixed to or removed from the lamp without displacing the socket holder from the lamp. The front end of a spring washer shown in Fig. 1 is bent upwards towards the turned over piece g of the shade, to facilitate pushing these portions over the plug piece. By forming the semicircular part of the fork opening to a radius slightly greater than the plug portion b, while maintaining the distance between the parallel sides of the fork opening of the washer to fit exactly with the cylindrical plug portion, the inventor avoids, so he states, "the liability of the spring washer and reflector or shade becoming loose and coming away from the lamp." So far as the bearing of this patent on the patent in suit is concerned, it seems to me it teaches no more than that the shade can be slid in and out of position. That was not the patentee's combination.

The other foreign patents offered in evidence are not discussed in defendant's brief, and their bearing in the case is so remote that I shall not refer to them.

We come now to the question of infringement. It seems clear that the defendant's device is a lamp consisting of a standard, an arm pivoted thereon, which arm carries an illuminating element; that the arm likewise carries a plate; that there are guides within the meaning of the patent formed upon a plate; that it has a shade proportioned to span the arm; that the shade engages the guides and covers the illuminating element.

It would seem therefore that the only remaining question in respect to infringement is whether the shade "removably" engages the guides. If the term "removably" is used in its ordinary sense, then there can be no question that the defendant's shade can be removed from its engagement with the guides on the plate. It is, however, but fair to construe the word "removably" in the somewhat narrower sense indicated in the specification:

"The only requirement for the shade 17 is in the matter of the slot 18 being proportioned to properly fit and coact with the guides 15 and arm 11. * * *

"It will be readily understood that the shade 17 is not retained upon the lamp structure by any fastening means whatever but only slidably engaged in the guides 15, and may be removed and replaced at will. * * * *"

The defendant's device is provided with three screws mounted on the outer member of its guide. The defendant contends that the neck or collar of defendant's shade fits loosely in the channel provided for it, and that if the shade be moved up or down and the pivoted arm tilted upwardly or downwardly, the shade will fall out of the single channel. Thus the contention is made that the set screws are essential to clamp the collar of the shade and its loose-metal shelf in position to permit the arm to be tilted upwardly or downwardly. Moreover, it is argued that if these set screws are removed, the shade can be pulled longitudinally to and fro and wabbles laterally as well.

An examination of plaintiff's exhibit, defendant's device, does not support these contentions. On the contrary, an inspection would seem to demonstrate that the three set screws perform no necessary function. It appears to me that with the screws removed, the

shade is held, at least·in this exhibit, in the groove or channel without decided movement in any direction.

If therefore I am right in reaching the conclusion that the set screws perform no nec-. essary function, then it follows that each element of the defendant's device corresponds with a similar element in claims 1 and 2, and performs the same function, in the same manner, and produces the same result. In consequence I believe the defendant's device infringes the two claims in question.

Plaintiff may have a decree accordingly. Settle decree on notice.